UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK HOGAN,

    Movant,

v.

File No. 1:13-CV-248

HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

    Respondent.

                                 /

## OPINION

This matter is before the Court on Movant Frederick Hogan's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 1). The government filed a response to this motion (ECF No. 14).

For the reasons that follow, having fully considered the briefs and affidavits, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**I.**

On August 6, 2009, Movant was indicted for 102 counts of distributing Oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Superseding Indictment, *United States v. Hogan*, No. 1:09-CR-122, 2009 WL 4043084, (W.D. Mich. Nov. 20, 2009), ECF No. 29.) On December 9, 2009, Movant pleaded guilty to "Count 1 of the Superseding Indictment." (Plea Agreement 1, No. 1:09-CR-122, ECF No. 48.) As part of the plea agreement, Movant stipulated that the drug quantity attributable to him pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(5) would "not exceed . . . 999 kilograms of marijuana equivalent." (*Id.* 4.) However, Movant reserved the right to challenge the

drug quantity calculation at sentencing. (*Id.*) On April 2, 2010, the Court entered judgment and sentenced Movant to sixty months imprisonment. (J. 1–2, No. 1:09-CR-122, ECF No. 62.) On April 7, 2010, Movant filed a Notice of Appeal and argued that the district court erred by: (1) failing to "make a finding of fact for the drug quantity calculation;" (2) abusing "its discretion in administering a procedurally and substantively unreasonable sentence;" and (3) failing to adequately explain its reasoning and properly exercise its discretion in addressing Movant's motion for a downward variance. (Notice of Appeal 1, No. 1:09-CR-122, ECF No. 63;) *United States v. Hogan*, 458 F. App'x 498, 502, 505 (6th Cir. 2012). On February 2, 2012, the Court of Appeals affirmed the judgement of the Court. *Hogan*, 458 F. App'x at 506. Movant did not appeal to the Supreme Court of the United States and Movant's conviction became final on May 2, 2012, when the petition to the Supreme Court was due.

Movant timely filed the pro se 28 U.S.C. § 2255 motion on March 4, 2013. (Mot. 1, ECF No. 1.) Movant claims two grounds for relief based on ineffective assistance of trial counsel: (1) that his trial counsel was constitutionally ineffective because he failed to call mitigating witnesses at the sentencing hearing; and (2) that his trial counsel was constitutionally ineffective because he failed to call Ann Tkaczyk, his nurse and office manager, and Kathy Shepherd, a patient, to testify at sentencing that Movant had not dispensed six of the prescriptions listed in the Superseding Indictment. (Mot. 1, ECF No. 1.)

## II.

**A.     Motion Standards**

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the Court

was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Claims of ineffective assistance of counsel are an exception to this general rule. Claims of ineffective assistance of counsel "are more properly available in a post-conviction proceeding under 28 U.S.C. § 2255, after the parties have had the opportunity to develop an adequate record on the issue from which the reviewing court is capable of arriving at an informed decision." *United States v. Williams*, 612 F.3d 500, 508 (6th Cir. 2010) (quoting *United States v. Rahal*, 191 F.3d 642, 645 (6th Cir. 1999)).

To establish ineffective assistance of counsel, Movant must show both deficient performance by his counsel and prejudice resulting therefrom. See *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (citing *Knowles v. Mirzayance*, 566 U.S. 111 (2009)). To establish deficient performance,

3

Movant must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S. Ct. at 739 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689).

The defendant has the "authority" to make general decisions about his case. *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify [on his] own behalf, or take an appeal")). However, the defendant has no authority to "compel . . . counsel to press nonfrivolous points . . . if counsel, as a matter of professional judgment, decides not to present those points." *Jones*, 463 U.S. at 751.

It is the responsibility of counsel to make strategic decisions at trial and sentencing. *See Strickland*, 466 U.S. at 672–73. The decision of "whether to call a witness" and "how to conduct a witness's testimony are classic questions of trial strategy." *Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012); *see also Strickland*, 466 U.S. at 672–73, 698 (holding decision not to call character witnesses at sentencing was a reasonable strategic decision); *Clark v. Mitchell*, 425 F.3d 270, 286 n. 6 (6th Cir. 2005) (holding decision not to call witnesses to testify at sentencing to prevent cross-examination was strategic). A defendant is not prejudiced where the testimony or evidence not introduced is "merely cumulative" to what has "already been presented at mitigation." *Clark*, 425 F.3d at 286 (holding counsel was effective when evidence not introduced at sentencing was cumulative and not substantively different from that presented at sentencing) (citing *Hill v. Mitchell*, 400 F.3d 308, 319 (6th Cir. 2005)). Movant's burden is to show that "counsel made errors so serious

that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Premo*, 131 S. Ct. at 739 (quoting *Strickland*, 466 U.S. at 687). However, "[s]trategic decisions made after a thorough investigation of the relevant law and facts are . . . 'virtually unchallengeable.'" *Rayborn*, 489 F. App'x at 878 (quoting *Strickland*, 466 U.S. at 690).

Even if Movant can successfully show his counsel's performance was deficient, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *See Strickland*, 466 U.S. at 691. Therefore, Movant must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)); *see also Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The issue is whether counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Movant to meet because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc)). As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim de novo, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740.

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and

the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

**B.     Ineffective Assistance Of Trial Counsel**

    1.    *Failure to Call Mitigating Witnesses at the Sentencing Hearing*

Movant argues that his trial counsel, Gary Springstead, was constitutionally ineffective for failing to call mitigating witnesses at the sentencing hearing. (Mot. 1, ECF No. 1.) Movant further argues that the failure to call such witnesses was due in part to Mr. Springstead's failure to conduct an investigation into possible character witnesses. (Mot. Mem. 9, ECF No. 2.)

Mr. Springstead took action to mitigate Movant's sentence by challenging the drug quantity specified in the Presentence Investigation Report and by submitting character reference letters. Mr. Springstead avers, and the record confirms, that he "called an expert witness" to "contest the alleged drug quantity and to testify that [Movant's] prescriptions in question were written in the usual course of professional practice." (Springstead Aff. ¶ 3, ECF No. 12; Sentencing Tr. 6–28, No. 1:09-CR-122,

6

ECF No. 67.) Mr. Springstead submitted sixteen character reference letters in addition to his fifteen-page sentencing memorandum (which the Court noted was "excellent") in an effort to mitigate Movant's sentence. (Sentencing Mem., No. 1:09-CR-122; Character Reference Letters, No. 1:09-CR-122; Sentencing Tr. 53, No. 1:09-CR-122, ECF Nos. 54, 59, 67.) Mr. Springstead interviewed potential witnesses, reviewed evidence, "including witness interviews and prior testimony," attended "evidence reviews hosted by the government," and reviewed the case with Movant. (Springstead Aff. ¶ 10, ECF No. 12.) Mr. Springstead even hired an investigator and experts to aid him during the preparation of trial and sentencing. (*Id.* ¶ 7.) The only evidence Movant offers to support his allegation that Mr. Springstead failed to investigate and prepare for sentencing is that Mr. Springstead did not interview character witnesses, though Mr. Springstead avers that he "reviewed potential witnesses' statements [and] interviews conducted by the . . . investigator." (Mot. Mem. 6,; Springstead Aff. ¶ 9, ECF Nos. 2, 12.)

Based on his investigation, Mr. Springstead made a strategic decision not to have character witnesses testify at sentencing based on the fact that "the same testimony [could] be submitted in the form of a letter without subjecting the witnesses to a cross-examination by the government on the defendant's character." (Springstead Aff. ¶ 6, ECF No. 12.) Mr. Springstead avers that he "would have submitted more character references on [Movant's] behalf . . . had [Movant] provided them." (*Id.* ¶ 7.) Strategic decisions such as this, based on a thorough investigation, cannot be called into question by mere speculation that it may not have been the optimal strategy. *See Rayborn*, 489 F. App'x at 878. Movant offers no evidence that Mr. Springstead's strategic decisions were unsound but rather, merely states his retrospective displeasure with the decision. (Mot. Mem. 1–5, 9–12; Mot. 2, ECF Nos. 1, 2.) Based on the uncontraverted evidence, Mr. Springstead made strategic decisions

7

of how best to present evidence calculated to mitigate Movant's sentence; therefore, these actions were not professionally unreasonable. *See Clark*, 425 F.3d at 286 n. 6 (holding decision not to call witnesses to testify at sentencing to prevent cross-examination was strategic and was not professionally unreasonable).

Even assuming professionally unreasonable conduct on the part of Mr. Springstead by not interviewing potential character witnesses or by making poor strategic decisions, there is nothing to suggest, with a reasonable probability, that but for the lack of testimony, the outcome would have been different. (Mot. Mem. 1–5, 9–12; Mot. 2, ECF Nos. 1, 2.) In *Clark*, the failure to present additional testimony was held not to have prejudiced the defendant and therefore did not amount to constitutionally ineffective counsel because the testimony would have been cumulative and subject to possibly damaging cross-examination. *Clark*, 425 F.3d at 286. In the instant case, Movant's additional character witnesses would have offered testimony that would have been cumulative to the other sixteen character references and any live testimony would have been subject to possibly damaging cross-examination. Therefore in the instant case, as in *Clark*, the failure to present testimony from additional character witnesses did not prejudice Movant and thus did not amount to constitutionally ineffective counsel.

Movant has satisfied neither prong of the *Strickland* test and thus is entitled to no relief under § 2255 due to his trial counsel's failure to call mitigating witnesses at the sentencing hearing and to investigate sufficiently to find such mitigating witnesses.

2.   *Failure to Call Ms. Tkaczyk and Ms. Shepherd as Witnesses at the Sentencing Hearing*

Movant argues that his trial counsel was constitutionally ineffective for failing to call Ms. Tkaczyk and Ms. Shepherd to testify at sentencing for the purpose of challenging six of the prescriptions (570 tablets of Oxycodone) listed in the Presentence Investigation Report. (Mot. 1, ECF No. 1; Presentecne Investigation Report ¶ 2, No. 1:09-CR-122.)

Mr. Springstead avers that he interviewed some potential witnesses himself and reviewed the interviews and prior testimony of others, including Ms. Tkaczyk. (Springstead Aff. ¶ 10, ECF No. 12.) Mr. Springstead further avers that after considering the "advantages and disadvantages of calling additional witnesses to challenge the drug quantity," he made the strategic decision not to present the testimony of Ms. Tkaczyk and Ms. Shepherd. (*Id.* ¶ 4.) Mr. Springstead based this decision on the possibility that such testimony might have prejudiced Movant more than it would have helped him and that he thought the Court might "find that the government had failed to provide sufficient evidence to support the alleged drug quantity." (*Id.*) Mr. Springstead does not "recall [Movant] asking Ms. Tkaczyk to be called as a witness at sentencing" but even if he had, Movant had no authority to "compel . . . counsel to press nonfrivolous points . . . if counsel, as a matter of professional judgment, decide[d] not to present those points."(*Id.* ¶ 5;) *Jones*, 463 U.S. at 751. Again, Movant offers no evidence that Mr. Springstead's strategic decisions were unsound, nor has Movant presented evidence that either Ms. Tkaczyk or Ms. Shepherd would have given testimony that would have supported his position. (Mot. Mem. 1–7; Mot. 2, ECF Nos. 1, 2.) Even if Movant had done more than merely state his retrospective displeasure with Mr. Springstead's strategic decision and shown that it had been a strategic blunder, "*Strickland* does not indulge hindsight-based

reasoning." *Bailey v. Smith*, 492 F. App'x 619, 627 (6th Cir. 2012) (citing *Strickland*, 466 U.S. at 680).

Movant has not satisfied the first prong of the *Strickland* test because he has failed to overcome the strong presumption that Mr. Springstead made reasonable strategic decisions. Thus, Movant is entitled to no relief under § 2255 due to his trial counsel's failure to call Ms. Tkaczyk and Ms. Shepherd as witnesses at the sentencing hearing. The first prong of the *Strickland* test having not been satisfied, the Court declines to rule on the issue of prejudice.[1]

### III.

Having determined that Movant's arguments do not merit granting the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court must also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

---

[1] The Court notes however, that contrary to the government's calculation that the 570 Oxycodone tablets in dispute would have amounted to less than four kilograms of marijuana equivalent, those tablets in fact accounted for 152.76 kilograms of marijuana equivalent. 570 tablets x 40 mg = 22.8 g. 22.8 g. x 6700 = 152.76 kg marijuana equivalent. *See* U.S.S.G. § 2D1.1 comment 8(D) (2014).

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's argument debatable or wrong. Therefore, the Court denies Movant a certificate of appealability as to each issue presented.

**IV.**

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this opinion.

Dated: May 28, 2014                                    /s/ Robert Holmes Bell
                                                                                          ROBERT HOLMES BELL
                                                                                          UNITED STATES DISTRICT JUDGE